UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION         CV00-1842-A

| | |
|---|---|
| WALTER DAVIS, III | CIVIL ACTION NO.:_____ |
| VERSUS | JUDGE  **JUDGE LITTLE** |
| CONCORDIA BANK AND TRUST COMPANY | MAGISTRATE  **MAGISTRATE JUDGE KIRK** |

### COMPLAINT FOR DAMAGES

The complaint of Walter Davis, III, with respect represents that:

1.

Made defendant herein is the Concordia Bank and Trust Company, a banking corporation chartered by the State of Louisiana with its domicile and principal place of business in Concordia Parish, Louisiana, within the geographical jurisdiction of this Honorable Court.

2.

Plaintiff is a domiciliary and resident of Natchez, Adams County, Mississippi, and is therefore completely diverse in citizenship to defendant, Concordia Bank and Trust Company.

3.

Jurisdiction in this Honorable Court is granted in accordance with the provisions of 28 U.S.C.A. §1332, which provides for federal court jurisdiction in cases of diversity of citizenship where the amount



GOLD, WEEMS,
BRUSER, SUES
& RUNDELL
ALEXANDRIA LOUISIANA

in controversy exceeds $75,000. Plaintiffs aver that the amount in controversy in this case well exceeds that sum.

4.

Defendant is liable to plaintiff for the following reasons:

5.

Complainant, Walter Davis, III, is the owner of certain farm land which he purchased and/or inherited from his mother. During the general time period around 1993, Walter Davis, III entered into informal farming agreements with an individual in Concordia Parish by the name of Kerry Stokes. At that time, and at times relevant to this suit, Kerry Stokes operated either individually or through the names Kerry D. Stokes and Kerry Dewayne Stokes, Stokes Farms, Inc. and Ten Dollar Rice, Inc., all in Concordia Parish, Louisiana.

6.

During 1993, Walter Davis, III, reached negotiations and understandings with the then Senior Vice President of the defendant bank, David Jones. Pursuant to such negotiated understandings and agreements, Kerry Stokes would act as agent for plaintiff, Walter Davis, III, to buy certain farm equipment, usually at auction and other places.

7.

Through an arrangement with the Concordia Bank, for the advancing of funds David Jones understood that he had authority to debit the bank accounts of Walter Davis, III for all such purposes. David Jones and/or other bank officers well knew or should have known that the real owner of the equipment being purchased was Walter Davis, III, and not Kerry Stokes nor any of Kerry Stokes' other businesses.

8.

Notwithstanding the agreement, the Concordia Bank and Trust Company, in 1995, took security interests in the equipment of Walter Davis to secure indebtedness of Kerry Stokes and his various businesses. Subsequently, during the Summer and Fall of 1998, based upon alleged default by Kerry Stokes and/or his companies, the defendant bank took action to foreclose on the property, thereby judicially asserting its alleged security interest in the farm equipment in question.

9.

All of the foregoing acts of the defendant bank, its agents and/or employees were without either the knowledge or consent of Walter Davis, III and, in fact, Walter Davis, III did not learn that any adverse action against the properties had even occurred until December 7, 1999. Walter Davis, III's lack of knowledge, and what he believed was the bank's uninterrupted knowledge of the real ownership of the equipment was reflected in a certain letter to Walter Davis, III on August 17, 1999, wherein Thomas J. Millican, Vice-

President, offered to release certain equipment to Walter Davis, III, upon a mere release from Stokes Planting Company and Kerry Stokes. The defendant bank actually proceeded to enforce the foreclosure action during a time when Walter Davis, III was hospitalized in a hospital over one hundred miles away, and would, in any event, have been unable to handle an adverse action against the defendant bank.

10.

The list of equipment which is the subject of this suit is as follows:

One (1) 1985 TW25 Ford w/duals, Cab, & Air S/N C721930
One (1) Glenco Cultivator 6-row S/N 148548
One (1) Glenco Cultivator 6-row S/N 132384
One (1) Amco Hippers 8-row
One (1) Long Backhoe MO# 1200 S/N 3584
One (1) PTO Sidewinder Ditcher #RD SIN 149667
One (1) 9900 John Deere 2-row Cotton Picker S/N 004114
One (1) Bushhog Ripper 7 Shank
One (1) Upright Fuel Tank 10,000 Gal.
One (1) Hawkins Harrow 21 foot
One (1) John Deere 7100 Planter 8-row S/N 75775A
One (1) 1975 John Deere 4400 Combine w/Head S/N 154220-H
One (1) Tri-State 300 Bu. Grain Cart S/N 783421
One (1) Spectra Physics Transmitter
One (1) Rhino 1500 10 ft. Blade
One (1) Bushhog Disc 21 ft.
One (1) Wilmar 500 Fertilizer Cart
One (1) John Deere 5 ft, Bushhog S/N AW25206M85
One (1) Hawkins Harrow 25 ft.
One (1) Glenco Field Cultivator 32 ft.
One (1) Fuel Trailer 1000 Gal S/N JS43014
Two (2) F9-Amco Disc
One (1) Glenco Cultivator 8-row w/Gauge Wheels SN 16908
One (1) Edins Grain Cart S/N 5307
Four (4) Levee Plows
One (1) Grain Buggy
One (1) 1983 Ford Tractor 1 900 S/N V-9061 56
One (1) 1981 Ford T-W20 Tractor SIN C667450
One (1 ) 1981 Ford TW20 4x4 Tractor S/N C678749
One (1) Gleaner Header 22.5 ft.  S/N 25 130
One (1) Gleaner Header 20 ft.  S/N 25488
One (1) Allis-Chalmer Header 20 ft.
One (1) Allis-Chalmer Header 16 ft.  S/N 45290

  One (1) 1981 M2 Allis-Chalmer Combine S/N 22797
  One (1) Spec. Phy. Ana. Laser w/Shock
  One (1) 1975 M Gleaner Combine 16 ft. Head S/N 7880HY
  One (1) MF 820 Disc 25 ft. S/N 905751
  One (1) Amco 21 ft. Disc
  One (1) 1989 Amco Levee Plow LT6
  One (1) Amco PTO Ditcher PD 1 0
  One (1) 1987 M3 Gleaner Combine S/N R26146H84
  One (1) I. H. 800 Planter S/N 097000OU002275
  One (1) 500 gal. 48'S & N Sprayer/Boom
  Two (2) 16 ft. Utility Trailers
  One (1) 1994 Dickey Cultivator 6-row S/N 0036902
  One (1) 1992 Ford 8630
  One (1) L3 Gleaner Combine S/N L-R24979H82
  One (1) TV 30 Ford Tractor S/N 9LO6D1767
  One (1) 1986 Glenco 36 ft. Field Cultivator
  One (1) 1988 John Deere 7100 Planter 6-row w/boxes
  One (1) I.H. 490 32 ft. Disc Hyd. Fold
  One (1) I.H. 800 Planter w/ Chem Boxes
  One (1) Amco F-15 Disc 36 ft,
  One (1) Forest City/ W & A 8-row Do-All
  One (1) 1980 Bushhog 22 ft. Disc
  One (1) 1982 Great Plains 30 ft. Drill
  One (1) 1 995 John Deere 455 Drill
  One (1) 1967 Gooseneck Trailer, VIN: MC3576
  One (1) 1992 Ford 8630 Tractor, Serial #A931992
  One (1) L3 Gleaner Combine, Serial #L-R24979H82
  One (1) 1986 Glenco 36 ft. Field Cultivator
  One (1) 1988 John Deere 7100 6-row Planter
  One (1) John Deere 235 23 ft. Disc
  One (1) IH 490 32 ft. Disc, Hydraulic Folds
  One (1) IH 800 Planter with Chemical Box
  One (1) AMCO F-15 Disc, 36 ft,
  One (1) John Deere 9900 Cotton Picker, Serial #000468N9900L
  One (1) Forest City/W&A 8 row Do-All
  One (1) 1982 Great Plains 30 ft. Drill, Serial # 1275C
  One (1) Complete water well ---- dated May 2, 1995, including but not limited to the following:
    One (1) Well - 12" gravel packed PVC to I 00'
    One (1) Bowl - 12 QKH 2 stg full WLR S/N 9189
    One (1) Column & Shaft - 80 ft. 10 3/4 x 1 1/4 Thr
    One (1) Head - 1OM16 water lube
    One (1) Gear Drive -- 80 hp I -I ratio S/N 128231
    Suction and Discharge Pipe

11.

  The foregoing equipment became the subject of judicial seizure and sale, and was adjudicated to the defendant bank at a Sheriff's sale in Concordia Parish on or about September 30, 1998.

12.

Subsequent to the foreclosure sale and acquisition of properties by the defendant bank, certain properties were sold by the bank to third parties, also without either the knowledge or consent of plaintiff, Walter Davis, III.

13.

Plaintiff asserts that the defendant bank was simply and grossly negligent and/or intentional in its exercise of rights which it should not have and in both its deception toward plaintiff and its failure to proceed in accordance with the best interest of its account holder, Walter Davis, III. Said bank was directly involved in the purchase transactions, and through its agents and employees, was well aware of the actual ownership interest in the properties. Notwithstanding its actual and/or imputed knowledge, said bank acted negligently and/or recklessly in this regard.

14.

As a result of these actions by the said defendant bank, plaintiff has been deprived of his property and all of his rights to the same, and for reimbursement from any other source have been prejudiced. The actions of the defendant bank violated all usual terms of a banking relationship between a bank and its account holder and further the bank's failure to provide him with an opportunity to appear, contest the bank's actions, and protect his own interest further deprived him of his property, and all of the same are acts for which the bank is liable to him for damages in breach of contract, or alternatively, in tort.

15.

Without waiving any other specific basis for the liability alleged herein, plaintiffs aver the following actionable activities by the defendant bank:

    a.    Failure to use reasonable care in protection of collateral;

    b.    Failure to give notice of its activities including failure to give notice of seizure;

    c.    Wrongful seizure of plaintiff's property;

    d.    Utilization of atypical lending practices by taking a security interest in property of plaintiff to secure debts of another, without plaintiff's consent;

e.  Allowing another to give a security interest in property of plaintiff;

f.  Lack of professionalism and abandonment of the professional responsibilities;

g.  Abuse of the bank's special relationship with Walter Davis, III;

h.  Failure to adhere to the bank's fiduciary duty of loyalty to Walter Davis, III and its duty of good faith to its customer;

i.  Wrongful eviction of Walter Davis, III from his property.

WHEREFORE plaintiff, Walter Davis, III prays that:

1.  The defendant bank be served with a copy of this complaint and be cited to appear and answer hereto;

2.  After due proceedings had, and all legal delays elapsed, there be judgment rendered herein in favor of plaintiff, Walter Davis, III, and against the Concordia Bank and Trust Company in an amount which is reasonable in the premises, exceeding $75,000.00; and,

3.  These parties be granted full, general and equitable relief.

Respectfully submitted,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

BY: _____
Dee D. Drell
2001 MacArthur Drive
Post Office Box 6118
Alexandria, LA 71307-6118
(318)445-6471
Bar Roll Number: 5074
ATTORNEYS FOR PLAINTIFFS